THE STATE EX REL. E.I. DUPONT DENEMOURS & COMPANY, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. E.I. DuPont DeNemours & Co. v. Indus. Comm.,* 116 Ohio St.3d 25, 2007-Ohio-5509.]

(No. 2006–1579—Submitted August 14, 2007—Decided October 23, 2007.)

**Per Curiam.**

{¶ 1} We are asked to determine whether appellee Industrial Commission of Ohio abused its discretion in awarding permanent total disability compensation to appellee Ferrall L. Limle. We find that the commission did not err.

{¶ 2} Limle worked for appellant E.I. DuPont DeNemours & Company for approximately 27 years, during which he was exposed to asbestos. In 1992, he retired from DuPont and worked for Zane Trace School District. It is not known when or why Limle left that job.

{¶ 3} In 2001, Limle was diagnosed with pneumoconiosis, asbestosis, and pleural disease as a result of his exposure at DuPont, and a workers' compensation claim was allowed for these conditions. Three years later, he applied for permanent total disability compensation.

{¶ 4} Among other evidence before the commission were the reports of Dr. Michael L. Corriveau. Dr. Corriveau discussed Limle's allowed conditions and, in

a separate section, also listed Limle's other health problems, including diabetes, hypertension, and coronary problems. These nonallowed conditions were not part of his discussion of disability. Dr. Corriveau assessed a 75 percent impairment from asbestosis and pleural disease. In an addendum dated the day after his report, Dr. Corriveau stated, "This injured worker is not capable of physical work activity."

{¶ 5} Based on Corriveau's report and those from Drs. Joseph Bennett and Christopher Ryckman, the commission granted Limle compensation for permanent total disability. The commission specifically found that (1) Limle was medically incapable of sustained remunerative employment and (2) his retirement from DuPont was not a voluntary and total abandonment of employment that would bar permanent total disability compensation.

{¶ 6} DuPont filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in awarding compensation. The court of appeals disagreed, finding that the order was supported by evidence.

{¶ 7} This cause is now before this court as an appeal as of right.

{¶ 8} Based on the reports of Drs. Bennett, Ryckman, and Corriveau, the commission found that Limle was medically incapable of sustained remunerative work, a circumstance that negated the need to consider his nonmedical disability factors. DuPont now claims that none of these medical reports attribute Limle's inability to work exclusively to his allowed conditions. That claim is not true. Dr. Corriveau's discussion of disability in his March 7, 2005 report was limited to Limle's allowed conditions, and his March 8 follow-up specifically stated that Limle was incapable of any physical work. Corriveau's listing of the other conditions that Limle suffered from does not mean that they were included in his assessment of disability. The report does, therefore, support the commission's decision.

{¶ 9} DuPont also maintains that because Limle retired from DuPont before becoming disabled, he is barred from obtaining compensation for permanent total disability. This argument is wrong for two reasons. First, predisability retirement does not preclude eligibility for permanent total disability compensation unless the claimant retired entirely from the labor market. *State ex rel. Baker Material Handling Corp. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 631 N.E.2d 138. Limle worked for a local school district after leaving DuPont. There is no information as to why Limle left his school position and thus no evidence that Limle voluntarily abandoned the entire labor market.

{¶ 10} Equally important, Limle's disabilities stemmed from a long-latency occupational disease. We have already upheld the eligibility for compensation for permanent total disability of claimants whose long-latency occupational diseases

did not manifest themselves until after retirement. *State ex rel. Liposchak v. Indus. Comm.* (1995), 73 Ohio St.3d 194, 652 N.E.2d 753. Accordingly, Limle's retirement from DuPont does not affect his eligibility for compensation.

{¶ 11} The judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

———

Vorys, Sater, Seymour & Pease L.L.P. and Robert E. Tait, for appellant.

Marc Dann, Attorney General, and Sandra E. Pinkerton, Assistant Attorney General, for appellee.